# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADOLFO LEON GOMEZ RUA )<br>   Calle 12 NO. 8-38, Oficina 409 )<br>   Edificio Restrepo Zona Centro )<br>   Bogota D.C., Departamento de )<br>   Republica de Colombia        *Plaintiff,* )<br>                                             )<br>                  v.                         )<br>                                             )<br>UNITED STATES DEPARTMENT OF TREASURY, )<br>OFFICE OF FOREIGN ASSETS CONTROL, )<br>   U.S. Department of Treasury )<br>   Treasury Annex )<br>   1500 Pennsylvania Avenue NW )<br>   Washington, DC 20220 )<br>       and )<br>                                             )<br>ADAM J. SZUBIN, )<br>  in his official capacity as Director of the Office of )<br>  Foreign Assets Control )<br>   U.S. Department of Treasury )<br>   Treasury Annex )<br>   1500 Pennsylvania Avenue NW )<br>   Washington, DC 20220 )<br>       and )<br>                                             )<br>THE HONORABLE JACOB J. LEW, )<br>  in his official capacity as Secretary of the Department )<br>  of Treasury )<br>   U.S. Department of Treasury )<br>   1500 Pennsylvania Avenue NW )<br>   Washington, DC 20220 )<br>                                *Defendants.* ) | Case No. _____ |

9

# **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF IN THE NATURE OF MANDAMUS**

Petitioner Adolfo Leon Gomez Rua ("Petitioner" or "Gomez Rua"), by and through his undersigned counsel, pursuant to 5 U.S.C §§ 555(e) and 706, hereby files this Complaint and petitions this Court to issue a Declaratory Judgment, or alternatively, a Writ of Mandamus compelling the United States Department of Treasury, Office of Foreign Assets Control ("OFAC"), OFAC Director Adam J. Szubin, and Secretary of the Treasury Jacob J. "Jack" Lew to remove Gomez Rua from the Specially Designated Nationals List ("SDN List"). As explained herein, Gomez Rua's continued status as a Specially Designated National, which subjects him to economic sanctions, is unlawful and has caused and continues to cause him severe harm.

## **PARTIES**

1. Petitioner Adolfo Leon Gomez Rua is a foreign national residing in Colombia. Gomez Rua is a businessman. Prior to his placement on the OFAC list he was an owner or co-owner of several businesses in Colombia. Aside from this current investigation, Gomez Rua never had any encounters with the law. He has never been arrested in the United States or elsewhere.

2. The Office of Foreign Assets Control is a federal agency within the United States Department of Treasury, located at 1500 Pennsylvania Avenue NW, Washington, DC 20220. OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries and regimes, terrorists, international narcotics traffickers, those engaged in activities related to the proliferation of weapons of mass destruction, and other threats to the national security, foreign policy or economy of the United States. One such

mechanism for accomplishing this task is through the SDN List, which OFAC maintains. *See* 31 C.F.R. Part 588.

3. Mr. Adam J. Szubin is the Director of OFAC. He is being sued in his official capacity.

4. The Honorable Jacob J. "Jack" Lew is the Secretary of Treasury of the United States. He is being sued in his official capacity.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), 2202, and the Administrative Procedure Act, 5 U.S.C. § 706(1). The Court has jurisdiction over the subject matter of claims pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and (e).

## BACKGROUND AND FACTS

7. Gomez Rua is businessman; he was a partner in and manager of several businesses in Colombia. Several of the businesses Gomez Rua was associated with were also listed on the OFAC list. Presently those businesses have been liquidated or Gomez Rua has severed his association with the businesses listed. Evidence of this was provided to OFAC.

8. On December 14, 2010, OFAC published a complete list of the SDNs in the Federal Register. Gomez Rua was included on the list.

9. On January 4, 2011, prior counsel for Gomez Rua, Joaquin Perez submitted a written request to Michael Swanson, Assistant Director of OFAC, pursuant to 31 C.F.R § 501.807, requesting that Gomez Rua be removed from the SDN List. The letter requested that Perez be instructed as to what if any information would be required by the OFAC and asked that Gomez Rua's name be removed from the list.

10. On March 22, 2011, counsel fro Gomez Rua renewed his written request to Assistant Director Swanson pursuant to 31 C.F.R. § 501.807, seeking the removal of Gomez Rua's name from the SDN list and once again requested that the OFAC submit a request for information and/or take action in the matter.

11. On March 31, 2011, OFAC submitted a request for information. Promptly, on May 27, 2011, counsel for Gomez Rua submitted a detailed response to OFAC's inquire along with supporting documents.

12. On January 20, 2014, after more than two and half years since Gomez Rua submitted the information requested by the OFAC, he was finally interviewed by OFAC representatives in Bogota Colombia. The undersigned was present as counsel at the meeting.

13. At the conclusion of that meeting Gomez Rua was told that a recommendation to remove him from the OFAC list would be submitted to the OFAC located in Washington, and that upon their review of this file and Bogota's recommendation, a decision would be rendered.

14. Gomez Rua has yet to receive a decision on his petition, and more than eight months have passed since he was interviewed in Colombia. Several attempts were made by this office to contact the Office of Global Targeting, and the Office of Foreign Asset Control in Washington D.C. and in Colombia, in an effort to receive a status update but our efforts have been unsuccessful. More specifically, counsel sent letters and emails to the OFAC asking if

9

more information was needed or when a delisting decision would be reached. To date, not one of these emails or letter were answered. In addition, numerous telephone calls were placed to the OFAC offices and messages were left.  None of these calls were returned. Finally, yesterday, and Associate in my lay firm spoke to a person in the OFAC's Counsel's office who said she could not provide an update but she suggested that we send and email query to the OFAC.

15. More than three years and nine months have passed since Gomez Rua requested that he be delisted, but OFAC has still not removed him from the SDN List despite having no legal authority for continuing to list him.

16. Gomez Rua has suffered, and continues to experience, enormous economic harm by being unable to access the global financial system because he has continued to be wrongly listed on the SDN List and is subject to the attendant economic sanctions.

### CAUSE OF ACTION – UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT MANDAMUS

17. Plaintiff Gomez Rua re-alleges and fully incorporates by reference the allegations contained in paragraphs 1-16 *supra*.

18. 31 C.F.R. § 501.807 provides that a "blocked person" includes a "person blocked under the provisions of any part of this chapter, including a specially designated national . . . ." That same provision permits a blocked person to seek administrative reconsideration of his designation and removal from the SDN List subject to the procedures detailed therein.  *See* 31 C.F.R. § 501.807(a)-(d).  31 C.F.R. § 501.807(d) states that OFAC

"will provide a written decision to the blocked person" after the individual submits a request for reconsideration.

19. The Administrative Procedure Act, 5 U.S.C. § 555(e), requires that prompt notice be given of the denial of a written application, petition, or other requested made by an interested person in an agency proceeding. Further, 5 U.S.C. § 706 provides that a reviewing court "shall decide all relevant questions or law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." The court "shall compel agency action unlawfully withheld or unreasonably delayed." *Id*. at § 706(1).

20. A reviewing court may hold unlawful action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C), or "without observance of procedure required by law," U.S.C. § 706(2)(D). "Agency action" includes "failure to act." U.S.C. § 551(13). An administrative agency may not subject its regulatees to unreasonable delay in the performance of its responsibilities. *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). This Court should recognize that "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake . . . ." *Id*. at 80.

21. OFAC has violated, and continues to violate, 5 U.S.C. §§ 555 and 706 by unreasonably delaying the removal of Gomez Rua from the SDN List, and by unreasonably delaying a written response to Gomez Rua's request that he be removed from the SDN List. OFAC has provided no explanation for the delay and failure to undertake an action or issue a decision reaching that result.

22. Mandamus is an appropriate remedy whenever an applicant demonstrates a clear right to have a government official perform his or her duty. OFAC has already demonstrated that it has no intention even to respond to Gomez Rua's inquiries. Because OFAC could keep Gomez Rua in perpetual legal limbo by neither responding to him nor processing his request, Gomez Rua has "no other adequate means to attain the relief he desires." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35. Thus, an order of mandamus directed to OFAC is appropriate in this case.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Adolfo Leon Gomez Rua respectfully prays that this Court:

a. Declare, pursuant to the Court's authority under 28 U.S.C. §§ 2201(a) and 2202, that the continued inclusion of Gomez Rua on the SDN List is unlawful;

b. Issue a writ of mandamus ordering OFAC to remove Gomez Rua from the SDN List;

c. Award Gomez Rua attorneys' fees and costs incurred in this action; and

d. Award Gomez Rua other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Alexei Schacht

Alexei Schacht, DC Bar No. AS9304
Alexei Schacht, Attorney At Law
123 W. 94th Street
New York, NY 10025
Telephone: (646) 729-8180
Fax: (212) 504-8341
alexei@schachtlaw.net

9